[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3396
The plaintiff has alleged that this pro-se defendant is indebted to it as a result of his having induced bank employees to cash a forged check on October 4, 1993.
In the course of trial, the plaintiff called Barbara Stevens, the teller who cashed the check. Mrs. Stevens identified the defendant as the person who cashed the check in question after presenting his driver's license and stating it was a payroll check. He proceeded to endorse the check before her. She also identified the defendant in a photograph taken by the surveillance camera at the bank.
Upon the conclusion of this testimony, the defendant volunteered the statement that Mrs. Stevens had testified truthfully and declined to cross-examine her.
Subsequently, the defendant advised the court that he was indeed responsible to the plaintiff under the first count of the complaint, in essence agreeing he had received the sum of $4,272.28 from the plaintiff, used it for his own purposes and had thus been unjustly enriched.
The plaintiff's second count claims punitive damages under CUTPA. The defendant rightly asserts this is not a proper matter under CUTPA because it was a single, isolated episode involving the parties and not in the course of the conduct of trade or commerce. The plaintiff cannot recover on this count.
The plaintiff's third count alleges false representations on the part of the defendant. On this count, the plaintiff must prevail. The testimony of Mrs. Stevens covered these acts and the defendant stated her testimony was true.
The court finds the plaintiff has proved by clear and convincing evidence the allegations of counts 1 3. Judgment may enter for the plaintiff to recover the balance due on the check in the amount of $3,000. It is further found that interest at the legal rate should be allowed, commencing from October 4, 1993 to the date hereof computed to be $1,036.62.
The defendant filed what he has captioned as "Offer of Judgment". It is not in the proper statutory form and cannot be considered by the court because it does not state an amount to CT Page 3397 which the plaintiff could have responded.
The defendant having presented no evidence in support of his counterclaims, judgment may enter for the plaintiff on all counts.
The plaintiff is entitled to taxable costs.
Anthony V. DeMayo Judge Trial Referee